# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BOYD L. OWENS, )
 )
       Plaintiff, )
 )
v. ) No. CIV-06-302-FHS
 )
SOUTHLAND MOWER COMPANY )
and WESCON PRODUCTS COMPANY, )
 )
       Defendants. )

## OPINION AND ORDER

On July 31, 2006, Plaintiff, Boyd L. Owens ("Owens"), filed this action against Defendants Southland Mower Company ("Southland") and Wescon Products Company ("Wescon") alleging patent infringement in relation to U.S. Patent No. 4,221,108 ("108 Patent") issued in favor of Owens on September 9, 1980, from his application filed on May 25, 1979. Owens contends Defendants have infringed on his patented Lawn Mower Safety Control System in violation of 35 U.S.C. § 271 "by making, using, selling and offering to sell . . . products embodying the patented invention." Complaint, ¶ 8. Owens seeks injunctive relief as well as an award of damages in connection with the alleged patent infringement. In addition to his patent infringement claim, Owens contends Defendants' conduct constitutes a violation of the Racketeering Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 1961-68, and common law fraud. Southland and Wescon have filed a motion for summary judgment asserting various limitation periods as bars to the respective claims asserted by Owens.[1] For

---

[1] Rather than filing a separate motion, Southland adopted the August 29, 2006, motion for summary judgment filed by Wescon.

the reasons stated below, the Court finds summary judgment to be appropriate as to all claims.[2]

This is the third attempt by Owens to assert his claims for patent infringement. On October 27, 1997, Owens filed his first patent infringement action in this Court in Case No. CIV-97-607-S. Owens' suit involved the same 108 Patent and included Southland and Wescon as named defendants. That suit was eventually dismissed without prejudice after Owens represented to the Court "that Patent Enforcement Fund (PEF) has taken a prior assignment of a portion of his patent and the plaintiff is now advised that pursuant to Rule 19, Federal Rules of Civil Procedure, PEF is an indispensable party to this case." Owens' Motion to Dismiss Without Prejudice (Case No. CIV-97-607-S). On February 26, 1998, this Court granted Owens' motion and ordered the case dismissed without prejudice. Owens' second infringement action was filed in this Court in Case No. 04-527-S. Southland and Wescon were also named defendants in this second case. The Court dismissed Owens' second case without prejudice after determining that PEF was an indispensable party and that Owens had failed to either contest PEF's ownership interest in the 108 Patent or establish and disclaimer of interest on the part of PEF in pursuing litigation related to the 108 Patent in favor of Owens. Order, February 4, 2005 (Case No. 04-527-S).

In support of their summary judgment motion herein, Southland and Wescon argue Owens' patent infringement claim is barred by the

---

[2] Owens has not filed a response addressing the arguments raised by Southland and Wescon in their summary judgment motion. On August 31, 2006, Owens did file a pleading entitled "(Unfair, unconscionable, and Deceptive Acts Or Practices) Plaintiff(s) Reply to Wescon Answer of Defendant Wescon Products Company." This document, however, does not address the summary judgment arguments.

2

expiration of the patent and the limitation for the recovery of damages under 35 U.S.C. § 286.[3]  The court agrees.  Pursuant to 35 U.S.C. § 154(a)(2), Owens maintained his patent rights in the 108 Patent until May 25, 1999 - a period of twenty years from his May 25, 1979, filing for patent protection.[4]  Owens' exclusive rights in the 108 Patent have therefore expired and he is foreclosed from seeking injunctive relief in connection with his invention.  See Kearns v. Chrysler Corp., 32 F.3d 1541, 1550 (Fed. Cir. 1994), cert. denied, 514 U.S. 1032 (1995)("[w]hen the rights secured by a patent are no longer protectable by virtue of expiration or unenforceability, entitlement to injunctive relief becomes moot because such relief is no longer available").

Owens' claim for damages is likewise barred.  While there is no statute of limitations for patent infringement actions, a claim for patent infringement must be evaluated in light of the six-year damages limitations period set forth under 35 U.S.C. § 286.  Under

---

[3]  Southland has also filed a motion to dismiss for failure to join PEF, an indispensable party.  Because the Court concludes summary judgment is appropriate as to all claims, it need not address the indispensable party issue and Owens' contention that PEF is not an indispensable party because it defaulted on its obligations to Owens and it no longer is a viable and operating entity.

[4]  35 U.S.C. § 154(a)(2) provides for a twenty-year patent term "from the date on which the application for the patent was filed in the United States."  For patents in force on June 8, 1995, a patent owner's rights are determined by the longer of seventeen years from the grant of the patent or twenty years from the filing date of the application for the patent.  35 U.S.C. § 154(c)(1); Merck & Co. V. Kessler, 80 F.3d 1543, 1547-48 (Fed. Cir. 1996), cert. denied, 519 U.S. 1101 (1997).  Here, seventeen years from the grant of the 108 patent on September 9, 1980, is September 9, 1997.  Thus, Owens' exclusive rights in his patented invention run to the longer twenty-year time frame of May 25, 1999.

3

this provision, "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286. As applied to the present action filed on July 31, 2006, Owens would only be entitled to the recovery of damages occurring on or after August 1, 2000. Owens' patent expired on May 25, 1999, however, and no damages could have accrued after that date with respect to his claimed patent infringement. Consequently, since Owens' rights in the 108 Patent expired prior to the six-year damages limitations provision of 35 U.S.C. § 286, Owens is barred from recovering damages for patent infringement.

Owens also contends the conduct of Southland and Wesco in engaging in a pattern of patent infringement constitutes a RICO violation. The United State Supreme Court has held that the statute of limitations for RICO violations is four years from the date the violation accrued. Agency Holding Corp. V. Malley-Duff & Associates, Inc., 483 U.S. 143, 156 (1987); see also Rotella v. Wood, 528 U.S. 549, 555 (2000); Whitney v. New Mexico Guarantee Student Loan Agency, 105 F.3d 670 (10th Cir. 1997). Application of this four-year limitation period bars Owens' RICO claim. Owens' RICO claim accrued no later then October 27, 1997 - the date of filing in Case No. 97-607-S. As evidenced by his allegations of patent infringement in Case No. 97-607-S, Owens was aware of the allegations constituting a pattern of patent infringement when he filed that suit. Consequently, the statute of limitations ran on Owens' RICO violation on October 27, 2001. The RICO violation asserted herein on July 31, 2006, is therefore barred.

Owens final claim is one based on fraud under Oklahoma law. In Oklahoma, a fraud claim must be brought within two years from the time the discovery of the fraud. Okla. Stat. tit. 12, § 95(3).

4

Again, Owens is barred from proceeding because his allegations of fraud in connection with the alleged patent infringement were known to Owens no later than October 27, 1997, when he filed his first suit for patent infringement. The statute of limitations on Owens' fraud claim therefore ran on October 27, 1999. Consequently, Owens' fraud claim filed herein on July 31, 2006, is barred by Oklahoma's two-year limitation period.[5]

Based on the foregoing reasons, the motion for summary judgment filed by Southland and Wescon is granted. This action is therefore ordered dismissed in all respects.

**It is so ordered** this 18th day of September, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[5] Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, Southland has moved to have Owens amend his allegations of fraud contained within the complaint to state them with more specificity or, in the alternative, to strike them from the complaint. Having determined that any fraud claim asserted by Owens is barred by the statute of limitations, the Court finds Southland's motion to strike to be moot.

5